UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| THOMAS W. REYNOLDS, <br><br> Plaintiff, <br><br> v. <br><br> MEN'S WELLNESS CENTERS, LLC, and MARCUS HOWERTON, individually, <br><br> Defendants. | Civil No. 4:21cv41 |

## ORDER

Pending before the Court is the Parties' Joint Motion for Settlement of Fair Labor Standards Act Claim. ECF No. 13. For the following reasons, the Joint Motion for Settlement is **GRANTED,** and the settlement is **APPROVED**.

### I.   BACKGROUND

Plaintiff Thomas W. Reynolds ("Mr. Reynolds" or "Plaintiff") filed a Complaint alleging violations of the Fair Labor Standards Act ("FLSA") by his former employers: Defendants Men's Wellness Centers, LLC, and Marcus Howerton (collectively "Defendants"). Compl., ECF No. 1. Plaintiff alleges he did not receive overtime pay for twelve months in 2019 and seven months in 2020. *Id.* at ¶ 29. He also alleges a breach of contract claim and seeks damages. *Id.* at ¶ 56–63.

The Parties agreed to settle for a total sum of $110,000. Settlement Agreement at 1, ECF No. 14-2. This consists of $32,800 as attorneys' fees for Mr. Reynolds's

1

attorney and $77,200 payable directly to Mr. Reynolds for his FLSA overtime and breach of contract claims. *Id.*

On August 17, 2021, the Parties filed a Joint Stipulation of Dismissal with Prejudice notifying this Court that they had reached a settlement agreement. ECF No. 11. The Parties were ordered to notify the Court whether they had sought approval of the settlement from the Department of Labor or whether they would be seeking approval of the settlement by the Court as required under the Fair Labor Standards Act. ECF No. 12. On September 14, 2021, the Parties filed the instant Joint Motion for Settlement of Fair Labor Standards Act Claim. ECF No. 13. The Parties have submitted the evidence requested by the Court, and the Motion is ripe for decision.

## II.     LEGAL STANDARDS

"A Fair Labor Standards Act . . . settlement must be approved by the Department of Labor or a federal district court." *LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 593 (E.D. Va. 2016) (citing *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005)). "In evaluating a FLSA settlement agreement, the Court must determine three things: (1) that the FLSA issues are actually in dispute; (2) that the settlement is a reasonable compromise over the issues; and (3) if there is a clause on attorneys' fees then the award must [be] reasonable and independently assessed." *Gagliastre v. Capt. George's Seafood Rest., LP*, 2:17cv379, 2019 WL 2288441, at *1 (E.D. Va. May 29, 2019) (citing *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)). Additionally, the Court may approve a service or incentive award, which is a

payment to the named plaintiff for his efforts in bringing a class action that is "independent of the back-pay and damages awarded." *Hoffman v. First Student, Inc.*, CIV. WDQ-06-1882, 2010 WL 1176641, at *3 (D. Md. Mar. 23, 2010).

After evaluating the settlement, "the Court may confirm the agreement, preliminar[il]y grant the agreement but order parties to strike portions that it deems unfair or unreasonable, or deny the agreement if there are too many issues with the agreement." *Brockman v. Keystone Newport News, LLC*, No. 4:15cv74, 2018 WL 4956514, at *3 (E.D. Va. Oct. 12, 2018) (citing *Hendrix v. Mobilelink Virginia, LLC*, 2:16cv394, 2017 WL 2438067, at *4 (E.D. Va. May 26, 2017)) (denying settlement approval due to unreasonable clauses and settlement amount); *Stephens v. MAC Bus. Sols., Inc.*, No. 15-3057, 2016 WL 3977473, at *3 (D. Md. July 25, 2016) (approving settlement but ordering parties to submit new agreement without unreasonable clause); *Lomascolo v. Parsons Brinckerhoff, Inc.*, 1:08cv1310, 2009 WL 3094955, at *2 (E.D. Va. Sept. 28, 2009) (granting approval of settlement)).

## III. ANALYSIS

### A. FLSA Issues in Dispute

To determine whether the FLSA issues are actually in dispute, "courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement." *Brockman*, 2018 WL 4956514, at *2 (quoting *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 408 (D. Md. 2014)). The FLSA issues are actually in dispute when "the employees seek to enforce their FLSA rights and . . . the parties demonstrate an actual disagreement as to the factual allegations that undergird the action."

*Id.* (citing *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Houston v. URS Corp.*, 1:08cv203, 2009 WL 2474055, at *9 (E.D. Va. Aug. 7, 2009) ("A bona fide dispute exists when an employee makes a claim that he or she is entitled to overtime payment.").

This Court finds that the FLSA issues are in dispute. Plaintiff alleges that Defendants failed to pay overtime as required by the FLSA, and he seeks recovery of unpaid overtime wages, liquidated damages, attorneys' fees, and other damages. Compl. at ¶ 64, ECF No. 1. Defendants disagree by raising a statute of limitations defense and asserting that Mr. Reynolds was exempt under overtime rules because he was supervising two or more employees during the relevant time period. Mem. in Support of Joint Mot. for Approval at 4, ECF No. 14.

The Settlement Agreement states that "each party denies any and all liability to each other." Settlement Agreement at 5, ECF No. 14-2. This further shows that the FLSA issues in this case are actually in dispute. *Brockman*, 2018 WL 4956514, at *3 ("The settlement agreements specifically state that the document 'shall not be deemed or construed at any time for any purpose as an admission by [Defendants] of wrongdoing or evidence of any liability or unlawful conduct of any kind.'").

B.   Fair and Reasonable

In analyzing whether a settlement agreement is fair and reasonable, the Court examines six factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented

4

>the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery.

*Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (citations omitted).

### i. Extent of Discovery Conducted

This factor weighs in favor of approving the settlement when the parties have engaged in enough discovery to "fairly evaluate the liability and financial aspects of [the] case." *Lomascolo*, 2009 WL 3094955, at *11 (quoting *In re A.H. Robins Co., Inc.*, 88 B.R. 755, 760 (E.D. Va. 1988)). Although the Parties have not engaged in any formal discovery, they began engaging in settlement negotiations immediately in this case. They had numerous telephone conferences in which they exchanged information about Mr. Reynolds's wages and estimates of his overtime damages. Mem. in Support of Joint Mot. for Approval at 3, ECF No. 14. Under these circumstances, the Court may find the settlement a fair and reasonable compromise over the FLSA issues. *See Brockman*, 2018 WL 4956514, at *3 (approving settlement even though "the parties agreed to hold discovery in abeyance due to their settlement negotiations"); *cf. Stone v. SRA Int'l, Inc.*, 2:14cv209, 2015 WL 12748271, at *2 (E.D. Va. Mar. 20, 2015) (approving settlement that parties concluded after only partial discovery).

### ii. Stage of the Proceedings

This factor weighs in favor of approving a settlement when the case has "advanced to a stage sufficient to permit the Parties and their counsel to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement negotiations." *Lomascolo*, 2009 WL 3094955, at *11. The

parties can satisfy this factor by showing that without settlement, the defendants would defend the action vigorously, and by "establishing [that] the amount of damages [] a Plaintiff may be entitled to under the FLSA . . . would be complex and costly" to determine. *Id.* "When 'several briefs have been filed and argued, courts should be inclined to favor the legitimacy of a settlement.'" *Winingear v. City of Norfolk*, 2:12cv560, 2014 WL 3500996, at *3 (E.D. Va. July 14, 2014) (citation omitted).

The proceedings in this case "are still in the preliminary stages, with much left to proceed should the parties decide to litigate." *Brockman*, 2018 WL 4956514, at *2. Although the Parties have not litigated any additional motions, the early stage of this case warrants settlement approval, as settlement would enable the Parties "to avoid the time and expense of further litigation to resolve the [P]laintiff's claims." *In re Dollar Gen. Stores FLSA Litig.*, No. 5:09md1500, 2011 WL 3841652, at *3 (E.D.N.C. Aug. 23, 2011). Accordingly, the Court finds that this factor weighs in favor of approving the Settlement Agreement.

### iii. Absence of Fraud or Collusion in Settlement

This factor weighs in favor of settlement approval when there is no evidence of fraud or collusion. *Patel*, 15 F. Supp. 3d at 656; *Lomascolo*, 2009 WL 3094955, at *10. "In the absence of any evidence to the contrary, it is presumed that no fraud or collusion occurred." *Gagliastre*, 2019 WL 2288441, at *3. Fraud is unlikely where parties are "zealously represented by their counsel and a settlement is the product of arms-length negotiation in an adversarial process." *Lomascolo*, 2009 WL 3094955, at *12.

The Parties assert that the Settlement Agreement is the result of an intensive negotiation process. They "engaged in numerous discussions regarding the merits of Reynolds' claims." Mem. in Support of Joint Mot. for Approval at 2, ECF No. 14. They exchanged a high volume of information regarding calculation of wages and subsequent damages. *Id*. The Court concludes that the Settlement Agreement was the product of arms-length negotiation without any fraud or collusion, and this factor weighs in favor of approving the Settlement Agreement.

### *iv. Experience of Counsel Representing Plaintiffs*

Factor four weighs in favor of approving the settlement when the plaintiffs' lawyers are experienced, and "[t]he pleadings, briefs and arguments . . . exhibit[] a knowledge of the applicable law [and] the procedures to be followed in this Court." *Lomascolo*, 2009 WL 3094955 at *12.

Plaintiff's attorney has considerable experience in employment and FLSA matters. As described in his Declaration, he has been practicing law since 1977 and has handled dozens of FLSA actions, including opt-in class actions, during that time. Decl. of Christopher Colt North at 2, ECF No. 14-3. Plaintiff's attorney is admitted in a variety of jurisdictions and has lectured on employment law topics on behalf of the Virginia Bar Association for Continuing Legal Education courses. *Id*. Taken together, this shows that Plaintiff's counsel "has been involved in many FLSA cases" and is knowledgeable in this area of law, and this weighs in favor of approving the Settlement Agreement. *Brockman*, 2018 WL 4956514.

### v. Probability of Plaintiff's Success on the Merits

Where a plaintiff may have "significant hurdles to overcome to affect any recovery under the FLSA", a court may find in favor of finding a settlement agreement fair. *Patel*, 15 F. Supp. 3d at 656.

As discussed *supra* in Part III.A., it is likely Plaintiff would have had to overcome the hurdle of Defendants' statute of limitations defense as well as other arguments raised that he was not covered under FLSA because he was supervising multiple employees. Mem. in Support of Joint Mot. for Approval at 4, ECF No. 14. Because Mr. Reynolds is likely to face difficulty in this respect, "this factor weighs heavily in favor of finding the settlement fair." *Patel*, 15 F. Supp. 3d at 656.

### vi. Amount of Settlement

This factor weighs in favor of settlement where a settlement offer is not "grossly inadequate" and where the parties are likely to incur significant costs if the case proceeds. *Flinn*, 528 F.2d at 1172 (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)); *Lomascolo*, 2009 WL 3094955 at *16.

The Parties agreed to settle for a total sum of $110,000. Settlement Agreement at 1, ECF No. 14-2. This consists of $32,800 as attorneys' fees for Mr. Reynolds attorney and $77,200 payable directly to Mr. Reynolds for his FLSA overtime and breach of contract claims. *Id.* The Parties acknowledge that under Defendants' argument, if the case proceeded, Plaintiff "could only be entitled to recover $18,685 in overtime, and even if he could prove an intentional violation to extend the statute of limitations to 3 years, it would only increase to $35,100.97." Mem. in Support of Joint Mot. for

Approval at 4, ECF No. 14. This factor weighs in favor of finding the Settlement Agreement fair and reasonable. *Lomascolo*, 2009 WL 3094955 at *15 (finding this factor weighed in favor of approving settlement because plaintiffs "recognize[d] and acknowledge[d] that continued litigation of this matter might not result in any recovery whatsoever, or a recovery that is less favorable, and that may not occur for several years"). All six factors weigh in favor of finding the Settlement Agreement fair and reasonable.

### C. Attorneys' Fees

If a defendant is found to have violated FLSA, the statute provides for "a reasonable attorney's fee to be paid by the defendant, and costs of the action" in addition to any judgment awarded to the plaintiff. 29 U.S.C. § 216(b). "The FLSA 'requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount of the wronged employee recovers under a Settlement Agreement.'" *Devine v. City of Hampton*, No. 4:14cv81, 2015 WL 10793424, at *3 (E.D. Va. Dec. 1, 2015) (quoting *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09cv58, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010)).

The Court determines the reasonableness of the fees after giving deference to the parties' voluntary agreement and uses the lodestar principles to "cross check" fairness. *Id.* "The lodestar amount is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate." *Kianpour v. Rest. Zone, Inc.*, No.

DKC 11-0802, 2011 WL 5375082, at *3 (D. Md. Nov. 4, 2011) (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F. 3d 235, 243 (4th Cir. 2009)).

In assessing reasonableness of attorneys' fees, the Fourth Circuit has directed district courts to consider the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243–44.

The fees sought by the attorneys in this case are reasonable. This case has been pending for almost five months. Compl., ECF No. 1. Attorneys and staff have spent almost 100 hours getting the case to settlement. Ex. 4, ECF No. 14-4. Counsel has spent time reviewing key cases and investigating Defendants' legal claims and arguments. *Id.* Counsel has also spent considerable time reviewing Department of Labor guidance on relevant FLSA case law as well as preparing memoranda filed in this Court. *Id.*

The Court also finds Plaintiff's counsel's rate of $450 per hour to be reasonable. Peer attorneys of Plaintiff's counsel charge in this range. Ex. 3 at 3, ECF No. 14-3. Plaintiff's counsel determines his hourly fee based on his knowledge of Tidewater market rate for attorneys in employment matters, the costs of running his own practice, experience, skill, and practice area. *Id.* This rate is consistent with rates in the

Eastern District of Virginia in the Richmond and Norfolk divisions. *Id.* at 16; *see also Smith v. Q.E.D. Sys. Inc.*, No. 2:19cv215, 2020 WL 975368, at *4 (E.D. Va. Feb. 11 2020), *adopted* 2020 WL 974416 (E.D. Va. Feb. 28, 2020) (approving fees of $400 per hour); *Carr v. Rest Inn, Inc.*, No. 2:14cv609, 2015 WL 5177600, at *3–*4 (E.D. Va. Sept. 3, 2015) (approving rate of $500 for senior attorney). The $32,800 allotted in the Settlement Agreement to Plaintiff's counsel is reasonable under this rate.

After giving deference to the Parties' voluntary agreement, the Court finds the attorneys' fees reasonable under these circumstances. Accordingly, the Parties have satisfied all the requirements for settlement approval.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the settlement memorialized in the Settlement Agreement and filed with the Court (*see* Settlement Agreement, ECF No. 14-2) meets the requirements for settlement approval, and it is therefore **APPROVED**. The Parties' Joint Motion for Settlement (ECF No. 13) is **GRANTED**.

The Clerk is **REQUESTED** to forward a copy of this Order to counsel of record for all parties.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

September 28, 2021
Norfolk, Virginia

11